IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITY MUTUAL LIFE INSURANCE     )
  COMPANY OF NEW YORK,             ) Civil Action
                                   ) No. 06-CV-4804
                  Plaintiff        )
                                   )
          vs.                      )
                                   )
WILLIAM D. JOSEPH,                 )
                                   )
                  Defendant        )


                      *   *   *


APPEARANCES:

          ELIZABETH A. VENDITTA, ESQUIRE
               On behalf of Plaintiff

          MARK W. TANNER, ESQUIRE and
          EZRA WOHLGELERNTER, ESQUIRE
               On behalf of Defendant


                      *   *   *


                  O P I N I O N


JAMES KNOLL GARDNER,
United States District Judge



          This matter is before the court on the Motion of

William Joseph for Leave to Conduct Discovery, which motion was

filed by defendant on April 30, 2007, and upon the Memorandum of

Law of Security Mutual Life Insurance Company of New York

regarding this ERISA-based matter, which memorandum was filed by

plaintiff on the same date.  The motion and memorandum each concern the issue of the permissible scope of discovery this lawsuit based on the Employee and Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. § 1001.

My Rule 16 Status Conference Order dated April 5, 2007 directed the parties to submit informal memoranda of law on the issue of whether each party is entitled to discovery and the scope and extent of any permitted discovery on plaintiff's claim and defendant's counterclaim pursuant to ERISA.  For the reasons expressed below, I grant plaintiff leave to conduct discovery regarding its claim for overpayment, and I grant defendant's motion to conduct limited discovery regarding the issue of conflict of interest alleged in his counterclaim.

<u>JURISDICTION AND VENUE</u>

Jurisdiction is based upon federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) because defendant is a resident of the City of Easton, Northampton County, Pennsylvania, which is located within this judicial district.

<u>FACTUAL ALLEGATIONS</u>

Based upon the pleadings submitted in this action, the relevant facts as alleged by the parties and pertinent to the

disposition of this discovery dispute are as follows.

Plaintiff Security Mutual Life Insurance Company of New York filed suit against defendant William D. Joseph alleging that defendant had received an overpayment of benefits under a long-term-disability ERISA plan funded and administered by plaintiff. Plaintiff's Complaint was filed on October 16, 2006.  It alleges that, following an initial denial and appeal, between May 18, 2001 and May 18, 2003 defendant received 24 months of benefits under the Mental/Nervous Condition policy provisions of defendant's ERISA plan for an alleged psychological disorder.  It is undisputed that the applicable policy provision had a 24-month limitation for mental-health-based long-term-disability claims.

Plaintiff avers that while defendant was receiving long-term disability benefits he was required to notify plaintiff about any "deductible sources of income" as explicitly identified in the policy plan.  Plaintiff further asserts that defendant is required to repay plaintiff for any overpayments.  The overpayment provision applies if defendant subsequently received deductible sources of income, including social security benefits.

Plaintiff contends that defense counsel notified plaintiff on November 13, 2002 that defendant had been approved for social security benefits and that on May 5, 2003, defense counsel forwarded a copy of the social-security disability-

benefits award to plaintiff.  This award allegedly included retroactive benefits based on the onset date of the disability.

Plaintiff also avers that on June 3, 2003 it demanded that defendant reimburse plaintiff for an overpayment in the amount of $50,983.60 because defendant had been receiving social-security-disability benefits.  Plaintiff further avers that to date, it has not received any reimbursement payments from defendant.

Defendant answered plaintiff's Complaint on December 8, 2006.  He asserted a counterclaim seeking reinstatement of disability benefits due him under the applicable ERISA plan. Defendant contends that plaintiff's decision to award benefits solely for a mental disability and to deny benefits based on physical disability (which would be continuing) was arbitrary and capricious.

Defendant further alleges that he has exhausted his administrative remedies pursuant to the terms of the ERISA plan, but that plaintiff has failed to take into account significant evidence of defendant's physical disabilities in making its benefits determinations.  Thus, defendant contends that plaintiff's decision to deny him long-term benefits for physical disability was arbitrary and capricious.

Defendant avers that plaintiff is an insurer that both funds and administers the applicable ERISA plan.  Accordingly,

-4-

defendant alleges that plaintiff suffers from an inherent
conflict of interest.  Defendant further asserts that this
inherent conflict of interest should cause this Court to utilize
a heightened arbitrary and capricious standard of review in
reviewing the plan administrator's benefits determination.

<u>CONTENTIONS OF THE PARTIES</u>

On April 5, 2007, I held a Rule 16 Telephone Status
Conference with counsel for the parties.  Each counsel contended
that he or she was entitled to engage in discovery on his or her
client's respective claim.  Both counsel agreed that plaintiff
could engage in discovery related plaintiff's claim for
overpayment because the material facts would not be contained
within the administrative record.  However, plaintiff's counsel
maintained that defendant could not engage in discovery beyond
the administrative record as it relates to his counterclaim,
specifically discovery related to plaintiff's alleged conflict of
interest.

In order to resolve this dispute, I directed the
parties to submit informal memoranda of law by April 30, 2007 on
the issue of whether each party is entitled to discovery and the
scope and extent of any permitted discovery on plaintiff's claim
and defendant's counterclaim pursuant to ERISA.

SCOPE OF REVIEW

The jurisprudence of the United States Court of Appeals for the Third Circuit and the Federal Rules of Civil Procedure vest broad discretion in the federal district courts to manage, regulate or prevent discovery.  Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995).  Rule 1 of the Federal Rules of Civil Procedure mandates that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

DISCUSSION

Discovery on Plaintiff's Overpayment Claim

Plaintiff's one-count Complaint is brought pursuant to section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B). Section 502(a)(3)(B) permits an ERISA fiduciary to bring a civil action "to obtain...equitable relief...to enforce...the terms of [an applicable ERISA] plan...."  29 U.S.C. § 1132(a)(3)(B).

Claims under section 502(a)(3)(B) are equitable in nature to the extent they seek "specifically identifiable" funds that are "within the possession and control" of the party against whom relief is sought.  Serboff v. Mid Atlantic Medical Services, Inc., ___ U.S. ___, ___, 126 S.Ct. 1869, 1874, 164 L.Ed.2d 612, 620 (2006). (Internal citation and quotations omitted.)  Recovery under this section is available solely through "a constructive

-6-

trust or equitable lien on a specifically identified fund, not from the [beneficiary's] assets generally." Serboff, supra.

Plaintiff has requested discovery related to its alleged overpayment of benefits to defendant pursuant to a qualified ERISA plan. Defendant does not oppose plaintiff's request for discovery related to the overpayment issue. The limited discovery sought consists of document productions, interrogatories and depositions as they relate to overpayment. These discovery requests seek information that is not contained within the administrative record.

Discovery is necessary on this issue because it is critical to plaintiff's ability to obtain relief to trace plaintiff's alleged overpayments. If the outcome of the discovery process reveals that plaintiff's payments to defendant have been dissipated or cannot be otherwise specifically identified, plaintiff may be precluded from moving forward in this action for want of a remedy. See Serboff, supra.

Accordingly, plaintiff will be permitted to conduct discovery insofar as the discovery relates to its claim against defendant for overpayment under the applicable ERISA plan.

### Discovery on Defendant's Claim for Benefits

Defendant has asserted a single counterclaim which seeks recovery of monthly disability payments and benefits that

were allegedly wrongfully withheld under defendant's qualified ERISA plan administered by plaintiff.

Although defendant's answer does identify a specific section of ERISA under which he may recover wrongfully denied benefits, defendant's counterclaim appears to state a claim under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  The parties do not dispute that the ERISA plan specified in defendant's counterclaim vests discretionary authority in the plan administrator.

In reviewing a plan administrator's claim-determination pursuant to ERISA section 502(a)(1)(B), the United States Supreme Court has held that where a plan grants discretionary authority to the ERISA fiduciary or plan administrator and where that discretion is exercised, courts must apply an arbitrary and capricious standard of review to the claim administrator's determination.  Firestone Tire & Rubber Company v. Bruch, 498 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

However, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'"  Firestone Tire & Rubber Co. v. Bruch, supra, 489 U.S. at 115, 109 S.Ct. at 957, 103 L.Ed.2d at 95 (citing Restatement (Second) of Trusts § 187, Comment d (1959)).

In <u>Pinto v. Reliance Standard Life Insurance Company</u>, 214 F.3d 377 (3d Cir. 2000)(Becker, C.J.), the United States Court of Appeals for the Third Circuit refined the <u>Firestone</u> conflict-of-interest analysis applicable to the standard of review in ERISA cases.  The Third Circuit held that when structural conflicts of interest (specifically financial conflicts) may have affected an ERISA claim administrator's benefits determination, courts should apply a heightened arbitrary and capricious standard of review to the prior benefits determination.  <u>Pinto</u>, 214 F.3d at 392.

In <u>Kosiba v. Merck & Company</u>, 384 F.3d 58, 66 (3d Cir. 2004)(Becker, C.J.), the Third Circuit extended that heightened standard to cases where there is a demonstrated procedural irregularity, bias, or unfairness in the claims review process.

The heightened arbitrary and capricious standard of review looks not only at whether the decision was supported by adequate reason, but also "at the process by which the result was achieved."  <u>Pinto</u>, 214 F.3d at 393.

Under this heightened standard, the degree of scrutiny applied to the administrator's determination by the reviewing court varies with the circumstances surrounding the administrator's prior decision along a sliding scale.  <u>Pinto</u>, 214 F.3d at 393.  Specifically, the degree of deference is based on a fact-intensive review of either an alleged financial

conflict of interest, or of an alleged procedural irregularity, bias, or unfairness in the administrator's review under a multi-factor analysis.  Kosiba, 384 F.3d at 66.

In evaluating the effect on the standard of review of an alleged conflict of interest, a court should consider the following non-exclusive factors:  (1) the sophistication of the parties; (2) the information accessible to the parties; (3) the exact financial arrangement between the claims administrator and the ERISA fiduciary; and (4) the current status of the fiduciary (such as whether the company is stable, in a process of laying off a significant percentage of its workers, or in the process relocating its operations and whether the decision-maker is a current employer, former employer or insurer).  Pinto, 214 F.3d at 392; Kosiba, 384 F.3d at 65.

Among the factors the court must consider in evaluating if there is a demonstrated procedural irregularity, bias, or unfairness in the claims review process are whether the administrator:  (1) reversed its original decision in the absence of new evidence, (2) selectively followed only some of the an advising doctor's recommendations or (3) rejected a staff worker's recommendation that benefits be resumed.  Kosiba, 384 F.3d at 66.

The Third Circuit's decisions in Pinto and Kosiba shed little light on the permissible scope of discovery in ERISA

actions when the parties dispute the standard of review.  Under
traditional arbitrary and capricious review, a reviewing court is
limited to the administrative record as it existed at the time
the claims administrator made its benefits determination.
Mitchell v. Eastman Kodak Company, 113 F.3d 433, 440 (3d Cir.
1997).  Thus, traditional arbitrary and capricious review entails
no discovery at all because the court's review is limited to the
administrative record.

       However, heightened arbitrary and capricious review
necessitates review of facts beyond the administrative record.
Pinto, 214 F.3d at 392.  Such review by necessity entails
significant factual discovery into the alleged conflict of
interest of the administrator in order to determine the proper
standard of review.

       Thus, as a result of the holdings of Pinto and Kosiba,
where the parties in a civil action based on section 502(a)(3)(B)
of ERISA dispute the court's standard of review, a discovery
dispute almost inevitably follows.  Such a dispute concerns both
whether discovery should be permitted at all and its scope if
permitted.

       My research has revealed no Third Circuit case which
directly decides whether an ERISA section 502(a)(1)(B) claimant's
mere allegation of a conflict of interest or of a procedural
irregularity is sufficient for the court to mandate discovery.

This threshold discovery inquiry was not addressed in either
Pinto or Kosiba.  In Pinto, the Third Circuit only advised that
the district court "may take evidence regarding the
[administrator's] conflict of interest, and ways in which the
conflict may have influenced the decision."  214 F.3d
at 395.

      The lack of discussion of discovery limitations tends
to indicate that an ERISA claimant could utilize all of the
available discovery mechanisms provided for in the Federal Rules
of Civil Procedure based upon the mere allegation of a conflict
of interest or a procedural irregularity.  District courts have
allowed discovery consistent with this analysis.  See, e.g.,
Koert v. GE Group Life Assurance Company, Civ.A.No. 04-5745,
2005 WL 1655888, at *3 (E.D.Pa. July 14, 2006)(Stengel, J.),
where discovery was permitted beyond the administrative record to
show a conflict of interest.  However, this is contrary to the
thrust of traditional arbitrary and capricious review in which
the use of discovery is specifically barred.

      At least one court in this circuit has taken the
position that the "scope of discovery depends upon the standard
of review."  Amitia v. Metropolitan Life Insurance Company,
No. 4:05CV569, 2006 WL 1094586, at *4 (M.D.Pa. April 25, 2006).
In my view, this is a faulty and potentially misleading place to

begin a discovery inquiry because it is essentially an exercise in circular reasoning.

In order to determine the proper standard of review, a factual record must first be developed.  In order to develop the factual record, the scope of discovery must be established.  However, the scope of discovery cannot be established until the standard of review is determined, which, in turn, requires a factual record!

If this were true, the court would have to evaluate the averments of the claimant and claims administrator regarding the alleged conflict of interest or procedural irregularity prior to discovery, even though the necessary facts would likely not be contained within the administrative record.  The court would then either permit full or limited discovery or prohibit discovery outright.  Thereafter, the court would review the facts of the record as developed through discovery (or as not developed at all) and then determine for a second time the proper standard of review.  In this construct, the court would initially risk making an ill-informed judgment on the proper standard of review without the necessary facts to support its decision, and would be required to twice evaluate and determine the proper standard of review.  It is unlikely that this is what the Third Circuit intended.

A close examination of the structural framework in which the Third Circuit decided _Pinto_ provides guidance on the discovery issue.  The _Pinto_ court considered the appropriate level of scrutiny to apply to a conflicted administrator's decision after taking cognizance of the three general arrangements by which employers typically structure the administration, interpretation and funding of their ERISA plans. 214 F.3d at 384.

First, an employer may fund a plan and pay an independent third party to interpret the plan and make plan benefit determinations.  Second, an employer may establish a plan, ensure its liquidity and create an internal benefits committee vested with the discretion to interpret the plan's terms and administer benefits.  Absent special indicia of a conflict, these two arrangements do not generally pose an inherent conflict of interest mandating heightened review. _Pinto_, 214 F.3d at 384.

In contrast, the court held that where an ERISA administrator hires an outside insurance company which both funds and administers benefits, the administrator acts under an inherent conflict of interest.  _Pinto_, 214 F.3d at 388-389. Thus, the Court used the general structure of the plan as a proxy to detect whether the existence of a conflict of interest was plausible.

-14-

Accordingly, I will utilize the structure of the ERISA plan as a discovery gate-keeping function in the conflict-of-interest context. I hold that as a prerequisite to discovery pertaining to the appropriate standard of review, the court must make a threshold determination of whether the alleged structure of the ERISA plan's administration, interpretation and funding could plausibly present a conflict of interest calling for heightened review. A mere allegation that a plan administrator had a conflict of interest is alone insufficient to warrant discovery.

Although determining the structure of an ERISA plan is a fact-intensive inquiry, sufficient information should generally be contained within the Summary Plan Description which is both in the possession of the ERISA claimant and the plan administrator. In order to receive discovery outside of the inherent-conflict scenario, claimants must point to specific indicia creating an inference of a conflict of interest, such as an unusual plan structure which would create an inherent conflict of interest, or point to other marked procedural irregularities within the administrative record.

This analysis does not conflict with the Third Circuit's decision in Kosiba. Kosiba dealt with cases in which there was a demonstrated procedural irregularity, bias, or unfairness in the claims-review process. In those situations, a

-15-

review of the bare administrative record will indicate whether
those types of procedural irregularities or biases are likely to
be present.  A cursory review of the administrative record will
afford a reviewing court the same ability to make a threshold
determination of whether discovery is warranted as does the
structural threshold inquiry in the conflict of interest
scenario.

        At least four courts within this District appear to
have embraced this type of structural analysis, at least
implicitly.  In ruling on a claimant's motion to compel discovery
and a plan administrator's motion for protective order in
Mazaheri v. Prudential Insurance Company of America,
Civ.A.No. 06-309, 2007 WL 547744, at *1 (E.D.Pa. February 15,
2007)(Baylson, J.), the court credited the claimant's allegation
that the administrator may have been operating under a structural
conflict of interest.  As a result, the court permitted limited
discovery on the conflict issue so as to provide the court with
more complete information before ruling whether additional
discovery should be required.

        In Ryles v. Pitney Bowes, Inc., Civ.A.No. 01-6549,
2002 WL 323248829, at *1-2 (E.D.Pa. July 23, 2002)
(Newcomer, S.J.), the court was ruling on cross-motions for
summary judgment and a motion to compel discovery.  Former Senior
Judge Newcomer concluded that no discovery would be permitted on

-16-

the conflict-of-interest issue, and that no conflict in fact existed, because the ERISA plan at issue most closely resembled the second ERISA plan administration structure identified in Pinto (a non-inherent conflict), and the claimant failed to address the conflict-of-interest issue or offer specific evidence of bias or bad-faith.

In Friess v. Reliance Standard Life Insurance Company, 122 F.Supp.2d 566, 575 (E.D.Pa. 2002)(Brody, J.), after a lengthy review of the structure and administration of the ERISA plan as well as certain procedural irregularities, the court denied the plan administrator's motion for summary judgment and allowed the parties to gather evidence related to the plan administrator's alleged conflict of interest and the influence it might have had on the benefits determination.

Similarly, in Dorsey v. Provident Life and Accident Insurance Company, Civ.A.No. 01-1072, 2001 WL 1198642, at *2 (E.D.Pa. October 5, 2001)(Katz, S.J.)(citing Friess, supra and Pinto, supra), the court considered cross-motions for summary judgment and claimant's motion to supplement the administrative record.  The court granted the claimant's motion to supplement because it concluded that the ERISA administrator appeared to have an inherent conflict of interest similar to the inherent conflict identified in Pinto.

-17-

Other District Courts in this circuit have engaged in similar analyses.  For instance, in Adromaitis v. Alcoa, Inc., Civ.A.No. 06-1659, 2007 WL 838965, at *2-3 (W.D.Pa. March 15, 2007)(Ambrose, C.J.), after recognizing that, as alleged by the parties, the plan at issue was funded by the employer and administered by a third party (a non-inherent conflict), the court credited claimant's allegations that the administrator had a conflict of interest for the purpose of defeating a motion to dismiss.  (The conflict was raised in both the answer and brief in opposition.)  The court ordered limited discovery because it could not determine at an early procedural juncture whether a conflict existed and any influence which such a conflict might have exerted.  Thus, the court engaged in a structural analysis before ordering discovery.

In Lasser v. Reliance Standard Life Insurance Company, 130 F.Supp.2d 616, 626, 630 (D.N.J. 2001)(Wolin, J.), aff'd 344 F.3d 381 (3d Cir. 2003)(Ambro, J.), after considering certain procedural irregularities on the face of the record and the plan administrator's inherent structural conflict of interest, the court concluded that a conflict of interest may have affected the administrator's decision.  The court denied the administrator's motion for summary judgment and ordered discovery on the conflict of interest issue.

As noted by the Third Circuit, the <u>Lasser</u> court then held a hearing to determine the appropriate standard of review and concluded that a moderately heightened arbitrary and capricious standard should be applied to the administrator's decision.  <u>Lasser</u>, 344 F.3d at 384.  The district court thus engaged in a structural plan analysis and procedural screening consistent with <u>Pinto</u> and <u>Kosiba</u>.

Defendant in the case before me seeks limited discovery on his counterclaim related to plaintiff's alleged conflict of interest and bias against defendant.  Defendant asserts that discovery is necessary to determine whether a conflict of interest existed, the extent to which the conflict of interest may have tainted the administrator's benefit plan determination, and the appropriate standard of review which should apply to the administrator's determination.

Defendant has averred, and plaintiff has agreed, that the structure of the applicable ERISA plan is set up in such a way that plaintiff, an insurer, both funds and administers benefits.  However, plaintiff contends that because the ERISA plan at issue is experience-rated, traditional arbitrary and capricious review should apply here.  Plaintiff asserts that under traditional arbitrary and capricious review, the court is limited to the contents of the administrative record, and that no discovery is warranted on defendant's claim.

-19-

An experience-rated insurance plan is one in which an insurer's premiums are periodically adjusted based on the claims paid during prior administrative periods.  <u>Pinto</u>, 214 F.3d at 388 n.6.  In <u>Pinto</u> the Third Circuit stated that an inherent conflict of interest of an insurer that both funds and administrates an ERISA plan may be ameliorated where the plan is experience-rated.  However, the fact that a plan is experience-rated is a factor which relates to the analysis of the appropriate standard of review and is not an absolute bar to discovery related to the alleged conflict of interest.

The information sought by defendant through discovery relates solely to plaintiff's alleged conflict of interest.  This information appears entirely within the custody and control of plaintiff.  This information sought in discovery will likely enable the court and the parties to distinguish possible conflicts of interest from any actual conflicts which influenced the claims administrator's decision.

In order to determine the appropriate standard of review to apply to plaintiff's prior benefits determination of defendant's claim, a factual record must be developed which demonstrates whether a conflict of interest existed.  If a conflict of interest did exist, the record must be developed to determine what influence, if any, the conflict may have had upon the plaintiff's ultimate determination by applying the factors

-20-

identified by the Third Circuit in <u>Pinto</u> and <u>Kosiba</u>.  Resolution of these factors upon a complete factual record will ultimately determine the precise level of scrutiny to apply to plaintiff's decision in this ERISA action.

As stated above, I hold that in order to receive discovery beyond the claims administrator's determination, a claimant alleging a conflict of interest must demonstrate that the plan administrator had an inherent structural conflict of interest, point out specific indicia tending to indicate the existence of a conflict of interest in the non-inherent conflict context or demonstrate a procedural irregularity, bias or unfairness in the claims review process on the face of the administrative record.

Because I find, as alleged in the parties' pleadings and the memoranda of law submitted on this discovery issue, that the ERISA plan was funded and administered by an allegedly inherently conflicted administrator, I order plaintiff to submit to limited discovery on the issue of the conflict of interest of the plan administrator.

<u>CONCLUSION</u>

For all the foregoing reasons, I grant plaintiff leave to conduct discovery regarding its claim for overpayment, and I grant defendant's motion to conduct limited discovery regarding the issue of conflict of interest alleged in his counterclaim.

-21-